**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ABDUR RAUF BAKALI, as Administratrix of the Estate of OSMAN M. BAKALI, <br><br> Plaintiffs, <br><br> v. <br><br> GLENN A. JONES, EAGLE EXPRESS LINES, INC., and ABC CORPS 1-10, <br><br> Defendants. | Civil Action No. 17-2414 (MAS) (DEA) <br><br> **MEMORANDUM ORDER** |

This matter comes before the Court on Defendants Glenn A. Jones ("Mr. Jones") and Eagle Express Lines, Inc.'s ("Eagle Express") (collectively "Defendants") Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a). (ECF No. 3.) Plaintiff Abdur Rauf Bakali ("Plaintiff") did not oppose the Motion. The Court has carefully considered Defendants' submission and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Defendants' Motion to Transfer Venue is GRANTED.

This case arises out of a motor vehicle accident that occurred in Fallowfield Township, Washington County, Pennsylvania. (Defs.' Moving Br. 1, ECF No. 3.) At the time of the accident, Mr. Jones, a resident of New Jersey, was driving a commercial vehicle owned by Eagle Express. (Notice of Removal, Ex. A, Compl. ¶¶ 2, 6, 7, ECF No. 1.) Eagle Express is incorporated and maintains its principal place of business in Illinois. (Defs.' Moving Br. 2.) The accident resulted in the death of Osman M. Bakali, an Ohio resident. (Compl. ¶ 10.)

On March 13, 2017, Abdur Rauf Bakali, as Administratrix of the Estate of Osman M. Bakali, filed a lawsuit in the Superior Court of New Jersey, Middlesex County. (Defs.' Moving

Br. 2.) On April 7, 2017, Eagle Express filed a Notice of Removal. (*Id.*) On April 7, 2017, Defendants filed the instant Motion to Transfer Venue to the Western District of Pennsylvania.

Defendants seek a transfer of venue pursuant to 28 U.S.C. § 1404 (a).[1] A plaintiff's choice of forum is generally given great weight; however, the plaintiff's choice of forum is not dispositive and may be displaced by other factors. *See LG Elecs. Inc. v. First Int'l Computer*, 138 F. Supp. 2d 574, 589 (D.N.J. 2001). A plaintiff's choice of forum is also accorded less weight when the selected forum is not the plaintiff's home forum. *Id.* (citing *NCR Credit Corp. v. Ye Seekers Horizon*, 17 F. Supp. 2d 317, 321 (D.N.J. 1998)). To establish that a transfer should be granted, Defendants must show that: (1) the case could have been initially brought in the proposed transferee forum; (2) the proposed transfer will be more convenient for the parties and the witnesses; and (3) the proposed transfer will be in the interest of justice. *See* 28 U.S.C. § 1404(a); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995); *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).

Upon the Court's review of Defendants' submission and in light of Plaintiff's decision not to file opposition, the Court finds that these elements are met. This case could have been initiated in the Western District of Pennsylvania and, considering issues of convenience and the interests of justice,[2] the Western District of Pennsylvania is the more appropriate venue. The accident

---

[1] Defendants' Moving Brief also sets forth arguments relevant to transfers under 28 U.S.C. § 1406 (Defs.' Moving Br. 3), but the Court need not address these arguments.

[2] The relevant considerations include various public and private interests. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). Private interests include plaintiff's choice of venue, defendant's preference, where the claim arose, convenience of the witnesses, and the extent to which records or other documentary evidence would be available for production. *Id.* The public interests include: the enforceability of any judgment; practical considerations that could make the trial easy, expeditious or inexpensive; relative administrative difficulty resulting from court congestion; local interest in deciding the controversy; relative importance of public policies; and

2

occurred in the Western District of Pennsylvania; the responding police, emergency medical personnel, rescue agency, and coroner are all located in Pennsylvania; the three eyewitnesses to the accident all reside in Pennsylvania (Defs.' Moving Br. 1-2); and the state of Pennsylvania has a greater interest in the adjudication of this matter, as New Jersey's only relationship to the case appears to be Mr. Jones's domicile (*id.* at 2, 6). Accordingly, for the reasons set forth above, and other good cause shown,

**IT IS** on this 5th day of September 2017, **ORDERED** that:

1. Plaintiff's Motion to Transfer Venue is GRANTED.

2. The Clerk of the Court shall TRANSFER this action to the United States District Court for the Western District of Pennsylvania.

3. The Clerk of the Court shall CLOSE this case insofar as it exists in the United States District Court for the District of New Jersey.

                                                  /s/ Michael A. Shipp
                                                  MICHAEL A. SHIPP
                                                  **UNITED STATES DISTRICT JUDGE**

---

familiarity of the trial judge with the applicable state law in diversity cases. *See Jumara*, 55 F.3d at 879; *LG Elecs., Inc.*, 138 F. Supp. 2d at 586.